ELIZABETH MATHEWS ET. AL. trading as JOHN MATHEWS *v.* GARRETT S. SMITH.

*Conditional Sale—Remedy—Innocent Third Parties.*

A conditional sale of personal property in this State is valid, but a strict construction is always put upon the contract of sale. When the interests of *bona fide* purchasers are involved the vendor cannot lie by, but must resort to his remedy within a reasonable time and at least by the second term of court after the default in payment has been made. A lapse of nine months would bar a recovery against an innocent third party.

(*New Castle, November; 1887.*)

REPLEVIN for a soda water apparatus. The plaintiffs had sold to W. C. R. Colquhoun a soda water fountain for $500, under an agreement that it should be the property of the vendors until it should be fully paid for. The terms of the sale were an allowance

of $100 for an old fountain, cash to that amount and six notes for $50 each for the balance. Three of these notes had been paid, the remaining three were still due. The amount claimed was $192.15, interest from April 6, 1883, included. Colquhoun sold his store on Delaware avenue to Anderson & Smith, and that firm in turn sold to Garrett S. Smith, the defendant in this action.

The contract for the apparatus was put in evidence. The evidence of W. C. R. Colquhoun and Garrett S. Smith showed that the fountain and its appurtenances had been purchased in good faith by both Anderson & Smith and the defendant. The latter testified that the first intimation he had of the true state of affairs was on April 3, 1886, when Mr. Conrad had notified him by letter. He had succeeded the firm of Anderson & Smith on April 19 of that year. After placing the writ of replevin in evidence, the plaintiffs rested.

Mr. Colquhoun was recalled and said that he had sold the fountain to Anderson & Smith in good faith. He had given three additional notes to Mr. Conrad at three, four and five months in settlement of the Mathews claim against him. The defendant then took the stand and testified that he knew of no claim against the soda water apparatus when he bought it, supposed a clean title went with the sale.

*Henry C. Conrad,* for plaintiff:

An attorney who has a claim for collection can not, without the authority of his client, take a promissory note, or anything else but money, in satisfaction of the debt.

*Wharton on Agency,* Secs. 210, 580, 583 ; *Kent v. Rickards,* et. al., 3 Md. Ch., 392; *McCulloch v. McKee,* 16 Pa. St., 289-293; *Story on Agency,* Sec., 98, 99, 181, 413; *Sykes v. Lill,* 5 M & W., 645-650; *Luerreiro v. Peile,* 3 B. & Ald., 616.

Where it is sought to bind a client by payment to his collecting attorney in any other way than with money, a special authority

to such attorney to accept such irregular payment must be proven.

*Hays & Wick v. Lynn,* VII Watts, 524.

Where the attorney is acting for a known principal, no payment except such as is strictly authorized by the express or implied authority of the principal will bind such principal and if payment be made otherwise, the principal may, notwithstanding, recover the amount from the debtor.

*Story on Agency,* Sec. 430, 160; *Underwood v. Nicholls,* 17 Com B., 239; *Kent v. Rickards,* 3 Md. Ch., 392; *McCulloch v. McKee,* 16 Pa. St., 289-293; *Wharton on Agency,* Sec. 580.

Where a promissory note given by a debtor for payment of an antecedent debt is dishonored, it will not amount to satisfaction of the original debt, although at the giving thereof, it may have been accepted as such.

*Puckford v. Maxwell,* 6 T. R., 52; *Roades v. Barnes,* 1 Burr., 9; *Ex parte Blackburne,* 10 Ves., 204; *Cole v. Sackett,* 1 Hill., 516; *Waydell v. Luer,* 5 Hill., 448; *Hill v. Beebe,* 13 N. Y., 556; *Glenn v. Smith,* 2 Gill. & J. (15 Md. Ct. & App.), 493-507 &c; *Berry v. Griffin,* 10 Md., 27 &c; *Thompson v. Briggs,* 28 N. H., 40.

A promissory note taken as collateral security for the performance of a contract, even though the remedy on such note is pursued to judgment and execution, but without real satisfaction, is no bar to prosecuting an action to enforce the chief contract.

*Drake v. Mitchell,* 3 East., 251; *Hawkes v. Hinchcliff,* 17 Barb., 492; *Tarlton v. Alhusen,* 2 A. & E., 37; *Petersdorff Com. Law,* Vol. 1, p. 127.

Where a debt is due by a sealed contract, a promissory note given by the debtor for the same debt is presumed to be for collateral security only, and will not even suspend the remedy on the sealed contract, much less serve as an absolute payment thereof.

*Bramwell v. Eglinton,* 5 B. & S., 39, 50; *Davis v. Lyde,* 2 A. & E., 291; *Worthington v. Uighy,* 3 Bing. N. C., 454; *Belshaw v. Bush,* 11 Com. B., 206.

Where there is competition of evidence upon the question

whether a security has been satisfied by payment, the possession of that security by the claimant ought to turn the scale.

*Brembridge v. Osborne,* 1 Stark, 374.

*Lewis C. Vandegrift, H. H. Ward* and *William S. Prickett,* for defendant, asked the Court to instruct the jury as follows :

If the vendor who has sold the fountain upon, as he claims, conditions, permits the vendee to take the goods, without exacting from him a compliance with the terms of the sale, he shall be presumed to have abandoned the security he intended and to trust to the personal security of the vendee; and whether such is the state of things or not is a question of fact for the jury.

The vendor having trusted his vendee by making a sale and delivery of the fountain to him, and having put it in his power to defraud others by a sale of said fountain ; an innocent purchaser of the property, for a valuable consideration without notice, ought to be protected.

It appears that the plaintiffs stood by while the sale was made to Anderson & Smith, receiving notice thereof immediately, yet they made no demand for a return of the goods, for more ·than a year and until after suit was brought upon the notes and judgment recovered. This amounts to a waiver of the right to reclaim the property and is an election to stand upon the personal security of the vendee.

The recovery of judgment was conclusive on the fact that there was a good consideration for the last notes ; and that consideration was the sale of the property.

COMEGYS, C. J., charged the jury :

Cited the contract under which the soda-water apparatus was sold by the plaintiffs to Colquhoun. Conditional contracts, did not originate in this State, and had only been recognized by the court here after considerable hesitation. A strict construction had been placed upon them whenever brought before the court, ·because they

were considered dangerous, the danger arising from their secrecy. This arose from the fact that there was no possible way by which the public might be made aware of the position occupied by property involved so far as its actual ownership was concerned. The law in all cases protects a bona fide purchaser. When under the terms of one of these conditional contracts the vendor has a right to proceed and enforce it, that right must be exercised within a reasonable time. The vendor cannot lie by, but must resort to his remedy within the passing of the first term of court subsequent to the failure of payment, or at least by the second term after the default has been made. In the case under consideration fully nine months had elapsed after default of payment on the last note and upon this ground the defendants are entitled to a verdict.